IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ARTHUR WEST, JERRY DIERKER plaintiffs<br><br>Vs.<br><br>WEYERHAEUSER COMPANY & ITS ATTORNEYS ERIC LASCHEVER, DAVID GOODNIGHT, JASON MORGAN, & STOEL RIVES LLP; THE CHAMBER OF COMMERCE ITSELF AND BY AND THROUGH ITS MEMBERS CHRISTOPHER WICKHAM, PORT OF OLYMPIA, STOEL RIVES LLP AND LAW, LYMAN, DANIEL, KAMERRER, AND BOGDANOVICH PS; THURSTON COUNTY, WASHINGTON & ITS LEGAL REPRESENTATIVE THE WASHINGTON COUNTIES INSURANCE RISK POOL AND ITS ATTORNEY MICHAEL PATTERSON; CITY OF OLYMPIA, WASHINGTON & ITS LEGAL REPRESENTATIVE THE WASHINGTON CITIES INSURANCE AUTHORITY AND ITS ATTONEY JEFFREY MYERS AND LAW, LYMAN, DANIEL, KAMERRER, AND BOGDANOVICH PS; THE INTERNATIONAL LONG SHOREMANS UNION (ILWU); AND OTHER UNKNONWN NAMED AGENTS, EMPLOYEES, PERSONS, AGENCIES, OR ORGANIZATIONS, PUBLIC OR PRIVATE, ACTING IN CONCERT, COLLUSION, OR CONSPIRACY WITH THE ABOVE KNOWN NAMED DEFENDANTS: (BIVENS)<br>Defendants | No.<br><br>PLAINTIFFS' ORIGINAL COMPLAINT<br><br>CV8 0687 RSM<br><br>08-CV-00687-CMP |

FILED LODGED ENTERED RECEIVED
MAY 01 2008
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

PLAINTIFF'S ORIGINAL COMPLAINT

ARTHUR WEST
120 STATE AVE.. N. E.#1497
Olympia, WA. 98501

1

## I INTRODUCTION AND STATEMENT OF THE CASE

1.1 This is an action for declaratory and injunctive relief and damages for a pattern of Racketeer Influenced and Corrupt Activity, (RICO) violation of Wire and Mail Fraud statutes, and conspiracy to deprive plaintiffs of clearly established constitutional rights and to retaliate against plaintiffs for their having exercised the same.

## II JURISDICTION AND VENUE

2.1 Jurisdiction over this action is conferred by 28 USC 1331, and by the RICO Act and 42 USC 1983 and 1985.

2.2 Venue is properly vested in this court pursuant to 28 USC 1391(e) and is vested in this district and Seattle as a formum where the offenses occured or were planned, and wherein communications were made.

## III PARTIES

3.1 Plaintiff West is a Landowner in the State of Washington and a resident of the City of Olympia in Thurston County Washington. He has been damaged by defendants conduct originating in King County and has standing to maintain this action in all particulars.

3.2 Plaintiff Dierker is a disabled citizen living in the State of Washington in the City of Olympia in Thurston County with rights protected under the ADA. He has standing to maintain this action.

3.3 Defendant Weyerhaeuser Company is a corporation doing business with offices located in King County Washington and are a member of the Chamber of Commerce, and Weyerhaeuser Company's attorneys of record for Defendants' conduct complained of herein, Defendants Eric Lachever, David Goodnight, Jason Morgan, and Stoel Rives LLP a corporation, are doing business with offices located in King County Washington, and are also a member of the Chamber of Commerce.

3.4 Defendant Chamber of Commerce is an organization which, by and through its organization and its members and associates, including many of the other named defendants in this case as noted above, does business in the State of Washington and King County.

3.5 Defendant Christopher Wickham is a member of the Chamber of Commerce and a Thurston County Judge.

3.6 Defendant Thurston County is a municipality located in the State of Washington and its attorney, Defendant Michael Patterson, is an Attorney doing business in the State of Washington and King County, who acts illegally under false color of law for Thurston County and the Counties Risk Pool without lawful authorization.

3.8 Defendant City of Olympia is a municipal entity with an unlawful policy of delegation of authority to Chamber's creation and member Port of Olympia, to the Chambers member Defendants Jeffrey Myers and Law, Lyman, Daniel, Kamerrer, and Bogdanovich, PS, and Defendant the Washington Cities Insurance Authority (WCIA).

3.9 Defendant Washington Cities Insurance Authority is a corporation located in King County, employing its agent Defendants Jeffery Meyers and Law, Lyman, Daniel, Kamerrer, and Bogdanovich, PS, is a corporation acting through the WCIA as an agent and member of the Chamber of Commerce and agent of the City of Olympia acting as attorney of the City of Olympia for the actions complained of herein.

3.10 Defendant Port of Olympia is a Port District, created by and acting as an agent of the Chamber of Commerce, who has also been represented in the actions complained of herein by Defendants Eric Lachever, David Goodnight, Jason Morgan, and Stoel Rives LLP a corporation acting under color of law for the port.

3.11 Other unknown named defendants, who are agents, employees, persons, agencies, or organizations, public or private, who are or have acted in concert, collusion or conspiracy with the above noted known named Defendants in this matter are named pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 91 S. Ct. 1999, 403 US 388, 29 L. Ed. 2d 619 (1971).

## IV STATEMENT OF FACTS

4.1 Weyerhaeuser and the other King County Defendants, acting through the Chamber and the Port and City of Olympia, and through Thurston County, developed and entered into a series of schemes and artifices to defraud plaintiffs and the citizens of King County and the State of Washington of the honest services of government.

4.2 This scheme existed in fact and time and continues to the present day, and relied upon the use of the mails and wire services as an integral part of the Scheme

necessary for its effectuation.

4.3 Defendants, and each of them communicated on at least two occasions to or from King County in furtherence of this scheme, and falsely and fraudulently for the purposes of effectuiating this scheme. (See e.g.-- the Nov 16, 2007 Answering Brief of Intervenors Weyerhauser and Port of Olympia (Chamber members) and accompanying Weyerhauser Motion for Sanctions written by the Stoel Rives Defendants' Eric Lachever and David Goodnight (Chamber member) filed in Washington State Superior Court Case No. 807337; and see the April 25, 2008 Intervenor Weyerhauser Co.'s Motion for Sanctions and Vexatious Litigant Order filed in Thurston County Superior Court Case No. 07-2-02101-6 to be heard by Judge Christopher Wickham, a Chamber member, and the April 29, 2008 Briefs in Support of this Motion of both Port of Olympia, a Chamber member, and the City of Olympia which the City's was witten by Jeffery Myers of Lyman, et al, another Chamber member). A further false and fraudulent mailing was made on May 1 by Weyerhaeuser and Stoel Rives Defendants, in support of the April 25, 2008 Intervenor Weyerhauser Co.'s Motion for Sanctions and Vexatious Litigant Order filed in Thurston County Superior Court Case No. 07-2-02101-6 to be heard by Judge Christopher Wickham, a Chamber member.

4.4 This scheme had the following elements. Defendants conspired to relocate Weyerhaeuser export operations from Pierce to Thurston County and to expand the marine terminal of the Port of Olympia and the regional rail and port infrastructure illegally and secretly in violation of State and Federal law, including laws concerning disclosure of public records, expenditure of public funds, and citizens civil rights in general. The scheme also included a second scheme and artifice to taint plaintiffs West and Dierker unfairly as "vexacious litigants in violation of rights protected under RWC 4.24.510, to deny Plaintiffs clearly established rights to litigate environemntal, taxpayer, civil rights, and othet claims in court denying Plaintiffs the fundamental right to petition the courts for redress of grievances and to bar them from exercise of Plaintiffs' First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments rights under false color of law, and to subject the Plaintiffs to "Star Chamber" type legal proceedings under false color of law, in order to stifle their opposition to defendants illegal conduct.

4.5 Defendants conspired to deny plaintiffs civil rights, including their right to be informed of governmental action and their rights to petition the Government for redress of grievances. The mail and wire services, employed to send

communications within King County and to and from King County were used to by all defendants to effectuate this scheme and were an integral part of this scheme.

4.6 As a related scheme and artifice to defraud, Michael Patterson, acting through Lee-Smart and Later through Patterson buchanon, Foibes and Lech, entered into a scheme to act under false color of law for thurston county without a lawful appointment to represent the county. By means of this artifice, over 2 million dollars of public money was illegally diverted to Mr. Patterson by Thurston County.

4.7 As part of this conspiracy, Patterson employed the mail and wire services in February and March of 2007 (including March 5 and 13).to send false, fraudulent, and defamatory communications attempting to taint Plaintiff West as a "vexatious litigant" and strip him of all rights to plead in court. This was done pursuant to an established county policy and usage under false color of law, in violation of rights protected under 42 USC 1983 and 1985, and was done on the basis of an invidious discriminatory animus based upon West's membership in a "suspect class" of citizens who litigate with the government.

4.8 Although unsuccessful in this original attempt to taint plaintiff West, and deny his liberty interest in a clean reputation and his right to redress, Thurston County, along with the other named defendants, pursuant to this policy of retaliation and denial of rights through private corporate counsel, regrouped and continued this pattern of illegal activity (now also directed at Plaintiff Dierker) through Jeffrey Fancher and Erick Laschever in the Washington State Supreme Court, and through Jeffrey Myers and Laschever in the State Superior Court. These King County conspirators are now pursuant to their unlawfu fraudulent scheme, attempting the same unlawful retaliatory conduct in collusion with Defendant Chamber member Wickham.

4.9 On the following dates, including December 17 2007 and April 29 2008 and on various times described in the appendix, Myers sent false, fraudulent and defamatory representations concerning plaintiffs through the mail or wire services with the intent to effectuate the conspiracy and scheme and artifice to defraud.

4.10 On the dates shown in appendix 1, Laschever, Gooednight, Morgan and Stoel Rives sent false, fraudulent, and defamatory representations through the mail or wire services with the intent to effectuate the conspiracy and scheme and artifice to defraud.

4.11 These communications were legal pleadings which contained false and fraudulent representations concerning plaintiffs and their actions, and were made for

the purpose of effectuating the greater conspiracy.

4.12 These actions were taken under false color of law in furtherance of a scheme and artifice to defraud and a conspiracy to deny equal protection and 1st amendment rights

4.13 On various dates that will be shown, including November 16, 2007, and April 29 2008 and as detailed in appendix 1, defendants City and Port of Olympia employed wire and mail services to send false and defamatory pleadings or communicate to the other defendants within King County in furtherance of the conspiracy. The precise nature of all of these these communications must await discovery due to ongoing concealment of public records and a judicially recognized culture of secrecy at the Port of Olympia. Upon full disclosure of all communications between the Port, City and Weyerhaeuser, plaintiffs will request leave to amend the complaint to include all such communications made in furtherence of the conspiracy.

4.14 As part of the scheme and conspiracy, defendant City of Olympia, on September 5, 2007, issued a false and fraudulent communication containing an illegal permit to defendant Port and Weyerhaeuser, and transmitted this to Erick Laschever in King County. Aid permit was based upon a vacated la nd use determination in violation of law.

4.15 On October 9, 2007 the City issued a further false and fraudulent communication obscuring the issuance of said permit.

4.16 As part of this scheme and conspiracy, King County based WCIA through Jeffrey Myers issued false and fraudulent communications on dates including December and January of 2007 and 8, and  April 15 and 28 and transmitted them to King County, and also illegally removed official public records from city offices and secreted them from plaintiffs with the effect and intent of obstructing justice and tampering with physical evidence.

4.17 Further specific communications between the defendants are set forth in Appendix 1, incorporated herein by reference.

4.18 As part of this scheme and conspiracy, with the knowledge, collusion, and or encouragement of the other conspirators, defendant ILWU, acting through

conspirators, took actions in furtherance of this conspiracy and scheme.

4.19 Defendants Baush and Rose, on various occasions both directly and through agents, threatened plaintiffs with threats of force and violence in furtherance of the conspiracy. Incredibly, many of these threats occured publicly at port meetings. Numerous incident reports and complaints have been filed with law enforcement regarding these claims, and defendants have been notified of these actions. Defendant Rose repeatedly threatened and stalked plaintiff West. All actions were taken as part of a greater scheme involving Weyerhaueser the Chamber and the ILWU to secretly and unlawfully expand Weyerhaeuser and ILWU operations.

4.20 Defendant Weyerhaeuser, and unknown named agents thereof, as part of the conspiracy, on April 14, 2007, communicated false and fraudulent information to the City of Federal Way, resulting in the false arrest and imprisonment of plaintiff to prevent him from lawfully addressing their corporate board as a shareholder proxy. This was done under false color of law and pursuant to a policy of Weyerhaeuser usurpation of law enforcement powers.

4.21 Weyerhaeuser and the other conspirators, the Port of Olympia has embarked upon a deliberate and willful course of obstructing public access to information necessary to assess the impact of it's development plans with the intent and effect of frustrating any effective comprehensive review and evading stae and federal law

4.22 Defendants, in all of their actions, were acting pursuant to customs, policies and usages, and under color of law, violated plaintiff's Federally protected civil rights in violation of 42 USC 1983-5, including rights to due process (substantive and procedural) equal protection, 1st Amendment expression, and the right to petition the governnment for redress of grievances, as well as the right to be free from arbitrary and capricious administrative agency action and from unreasonable seizures as well as false arrest and imprisonment, and other fudnamental rights.

4.23 The above actions were done pursuant to established policies and usage of Defendants under false color of law, in violation of rights protected under 42 USC 1983 and 1985, and was done on the basis of an invidious discriminatory animus based upon West's and Dierker's membership in a "suspect class" of citizens who litigate with the government.

4.24 The ostensibly "Private" entitities named in this suit are acting as agents

or or in conjuction with the public defendants to the extent that they have become public actors and "persons" for the purposes of liability under Title 42 USC 1983 and 1985.

## CAUSES OF ACTION

### RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT CLAIMS

5.1 By their acts and omissions, defendants entered into schemes and artifices to defraud that existed in a continuous manner, and which relied upon the use of mail and wire services for their effectuation. Defendant ILWU, with the knowledge of the other conspirators, employed threats of force and violence directed at plaintiffs with the object of furthering these schemes, and of denying plaintiffs the honest services of government. Defendants are liable, and plaintiffs are entitled to the relief requested below.

### VIOLATION OF FEDERALLY PROTECTED CIVIL RIGHTS

5.2 By their acts and omissions, defendants conspired to obstruct the exercise of Federally protected rights under color of State law and usages, customs and procedures, for which plaintiff is entitled to the relief requested below.

### PENDANT JURISDICTION

5.3 The plaintiffs seek leave to petition the court to assume pendant jurisdiction of related state law claims.

### VI.
### REQUEST FOR RELIEF

6.1. That a Declaratory Judgement issue declaring that defendant Weyerhaeuser along with the other conspirators, has conspired to deny plaintiffs the honest services of Government, the right to be informed of government actions, and

the right of access to the courts to obtain redress of their grievances.

6.2 That a Declaratory Judgement issue declaring that defendants and each of them through fraudulent and corrupt means, conspired to deprive Plaintiffs of their constitutional right to obtain information concerning the conduct of government along with their rights to access the courts and their liberty interests in their good reputations.

6.3 That a Declaratory Judgement issue declaring that Defendant IWLU employed threats of force and violence in furtherance of the Defendants' scheme and barring them from any further such threats or acts.

6.4 That the Court enter an order forever barring defendants, directly or through agents from attempting to taint Plaintiffs with defamatory and false claims in furtherance of Defendants' scheme to deprive them of their first amendment right to petition for redress of grievances.

6.5 That all relevant communications concerning defendants scheme and artifice to defraud, and their conspiracy to deny Plaintiffs' civil rights be ordered to be disclosed by Defendants and filed with this court.

6.6 That damages be awarded in the amount of $10,000,000 from each defendant, jointly and severably.

6.7 That the Court grant Plaintiffs' costs and fees and any such other relief as may be just and proper.

We certify the foregoing to be correct and true under penalty of law. Done May 1, 2008.

_Jerry Lee Dierker Jr,_          _Arthur S. West_