UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
ARTHUR WEST, *et al.*,             )   No. C08-0687RSM
                                   )
                    Plaintiff,     )
          v.                       )   ORDER
                                   )
WEYERHAEUSER COMPANY, *et al.*,    )
                                   )
                    Defendants.    )
_____)

This matter comes before the Court under Local General Rule 8(c). Plaintiff Arthur West has filed a "Motion to Vacate and Transfer" in the above-captioned matter. Dkt. # 35. The Honorable Ricardo S. Martinez, United States District Judge, declined to recuse himself voluntarily and the matter was referred to the Chief Judge. Dkt. # 44. Plaintiff's motion is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of judges. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

ORDER

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. <u>Yagman v. Republic Insurance</u>, 987 F.2d 622, 626 (9th Cir. 1993). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. <u>United States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986).

Plaintiff argues that Judge Martinez' dismissal of claims against certain defendants, his failure to address plaintiff's motions to amend and stay proceedings, and his refusal to acknowledge plaintiff's disability reflect bias "against citizens and disabled persons appearing in court." Dkt. # 35 at 1. As a threshold matter, the Court must determine whether this motion for recusal is timely. <u>Molina v. Rison</u>, 886 F.2d 1124, 1131 (9th Cir. 1989) ("It is well established that a motion to disqualify or recuse a judge under 28 U.S.C. § 144 [as well as] ... § 455 must be made in a timely fashion."). Allowing litigants to delay raising allegations of bias would result in a waste of judicial time and resources (see <u>In re International Business Machines Corp.</u>, 618 F.2d 923, 933 (2d Cir. 1980)) and a heightened risk that litigants are using recusal motions for strategic purposes (see <u>Ex Parte American Steel Barrel Co. and Seaman</u>, 230 U.S. 35, 44 (1913)).

Plaintiff filed this motion to recuse only after two dispositive orders were entered in this matter. The risk that plaintiff is using allegations of bias to overturn a decision of the court is therefore considerable: in effect, plaintiff is seeking to remove Judge Martinez from this case because of his performance while presiding over this matter. Because a judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties, bias is almost never established simply because the judge issued an

ORDER                                        -2-

adverse ruling.

In order to overcome this presumption, plaintiff would have to show that facts outside the record drove decisions or that the presiding judicial officer's decisions were so irrational that they must be the result of prejudice. Plaintiff does not allege any facts outside the record that improperly influenced the decisions in this matter. Having reviewed the record in the above-captioned matter, the Court finds that Judge Martinez' procedural rulings are well within his discretion and, while debatable, are not irrational. The dismissal of plaintiff's claims against Law Lyman Daniel Kamerrer and Bogdanovich, PS was the result of plaintiff's failure to respond to defendant's motion to dismiss in a timely fashion. Four days after the motion was noted for consideration, plaintiff belatedly asked for a continuance of the motion or the voluntary dismissal of the complaint because he was temporarily disabled and could not respond adequately. Dkt. # 28. Judge Martinez determined that Law Lyman's motion had merit, that plaintiff had failed to timely oppose the motion, and that plaintiff is a competent litigator, despite his *pro se* status, and would be held to the governing rules of procedure. Dkt. # 33 at 2. Whether to excuse a breach of the Local Rules of Civil Procedure or to extend the time in which to respond are within the discretion of the presiding judicial officer, especially when the request for an extension is made after the time for response has already expired. The dismissal of plaintiff's claims against Law Lyman reflect the reasonable resolution of the issues presented based on the record. If plaintiff believes that Judge Martinez' rejection of his untimely response was an abuse of discretion under the law of the Ninth Circuit, that argument must be made on appeal rather than in a motion to recuse.

Plaintiff also takes issue with the fact that Judge Martinez has not ruled upon his

ORDER -3-

motion to amend or his request for a stay. Plaintiff's request for leave to amend his complaint was contained in a document titled "Plaintiff's Motion to Reconsider." It was not accompanied by a proposed amended complaint and only vaguely hinted at the nature of the proposed amendment. Dkt. # 23 (plaintiff expressed confidence that newly discovered documents would show that defendants misrepresented facts regarding a Weyerhaeuser project at the Port of Olympia). Combining disparate requests for relief in a single document and failing to identify the new claims made this "motion" easy to overlook and virtually invisible in our electronic docketing system. The oversight, while unfortunate, is understandable. Plaintiff's bald assertion that the absence of a ruling on the request to amend was the result of Judge Martinez' dislike of plaintiff or his disability is nothing but speculation.

Contrary to plaintiff's assertion, Judge Martinez did acknowledge and address his motion to stay and his alleged disability. The motion and the claim of disability were found timely as to two of the pending dispositive motions, but were deemed deficient because the facts alleged were not supported by admissible evidence, such as a sworn declaration. Plaintiff was given the opportunity to rectify the noted deficiencies and provided a declaration on January 5, 2009 (after the deadline imposed by the court). Because plaintiff challenged Judge Martinez' ability to preside over this matter in the interim, no further action on plaintiff's motion for stay has been taken.

At most, plaintiff has shown that Judge Martinez has not been willing to excuse procedural defects in his submissions. Plaintiff has identified no error of law or fact, much less a determination that was so outlandish as to give rise to an inference of bias. Nor does the allegation that Judge Martinez is biased against disabled litigants require recusal. The allegation

ORDER     -4-

is based on nothing more than the fact that Judge Martinez ruled against plaintiff in this matter. Assuming, for purposes of this motion, that the presiding judicial officer has ruled against disabled litigants in the past or has granted extensions of time to non-disabled litigants, there is no reason to suspect that such rulings were based on anything other than the merits of the cases before him. Decisions based on the merits generally cannot support a recusal motion (<u>Studley</u>, 783 F.2d at 939), and plaintiff's wholly unsupported allegations of a pervading bias are insufficient to warrant transfer.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Martinez' impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, plaintiff's motion for recusal is DENIED.

Dated this 26th day of January, 2009.

Robert S. Lasnik
Chief Judge, United States District Court