UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTHUR WEST and JERRY DIERKER,

    Plaintiffs,

v.

WEYERHAEUSER COMPANY, et al.,

    Defendants.

CASE NO. C08-687RSM

ORDER OF DISMISSAL

This matter is before the Court for consideration of defendant Port of Olympia's motion asking the Court to rule on its pending motion to dismiss. Dkt. # 47. Plaintiffs have not responded to the motion. For the reasons set forth below, the Court shall GRANT the motion to rule, GRANT defendant Port of Olympia's motion to dismiss (Dkt. # 22), GRANT defendant Thurston County's motion to dismiss (Dkt. # 24), and DENY plaintiff's motion for voluntary dismisal without prejudice.

## DISCUSSION

Plaintiffs Arthur West and Jerry Dierker, appearing *pro se,* filed this complaint purporting to state claims pursuant to 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1964. The complaint is difficult to decipher, but appears to relate to one or more proceedings in Thurston County Superior Court. Complaint, ¶ 4.4. All plaintiffs' filing subsequent to the complaint have been signed solely by Arthur West.

ORDER - 1

On October 29, 2008, defendant Port of Olympia filed a motion to dismiss pursuant to F.R.Civ.Proc. 12(b)(6). Dkt. # 22. On November 5, 2008, defendant Thurston County, Washington Counties Insurance Risk Pool, Michael Patterson, and Christopher Wickham (together, the "Thurston County defendants") filed a similar Rule 12(b)(6) motion. Dkt. # 24. Plaintiffs' only response to these motions was to move for voluntary dismissal without prejudice. Dkt. # 28. Plaintiff Arthur West alleged that he had been assaulted by a different defendant in this case at a public hearing, and he was unable to prosecute this case on account of his injuries. *Id*. The Thurston County defendants opposed dismissal of the case without prejudice and asked the Court to rule on their Rule 12(b)(6) motion. Dkt. # 31.

On December 15, 2008, the Court directed plaintiff West to provide documentation for his conclusory allegations regarding his injury and resulting disability. Dkt. # 33. In response, plaintiff West asked the Court to vacate its Orders and transfer the action to a different judge. Dtk. # 35. Chief Judge Robert S. Lasnik denied plaintiff's motion to transfer the case to a different judge on January 23, 2009. Dkt. # 45. Plaintiff then filed a "Declaration re: Criminal Assault by Law-Lyman Counsel". Dkt. # 46.

The Court has reviewed plaintiff West's declaration and finds no basis therein for excusing his failure to oppose the two motions to dismiss. Plaintiff has provided incomplete copies of a police report and witness statement regarding the October 21, 2008 altercation between himself and attorney Dale Kamerrer. These simply state that Mr. West was photographing participants at a public hearing, and Mr. Kamerrer attempted to block or take away the camera. Dkt. # 46. The witnesses did not see Mr. Kamerrer bend Mr. West's fingers as he alleges, or even see Mr. Kamerrer's hand touch Mr. West. *Id*., pp. 4-5. These witness statements do not support plaintiff's allegations of severe injury to his hand. Plaintiff has also provided copies of some medical bills and prescriptions for pain relievers and other medications (Tramadol and Lyrica). *Id*. However, there is nothing whatsoever to connect these medications with the "assault" which plaintiff contends prevented him from responding to the defendants' motions to dismiss.

The rules of this court provide that if a party "fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). The Court deems it appropriate to apply this rule here. Plaintiffs have failed to provide any

ORDER - 2

opposition to the merits of the two pending motions to dismiss. Instead, they have sought to avoid a ruling on the motions by requesting voluntary dismissal without prejudice.

The Court has reviewed the two Rule 12(b)(6) motions to dismiss and finds they are well-founded. The complaint fails to state a claim of conspiracy under RICO, the wire fraud statutes, or § 1983 against either the Port of Olympia or the Thurston County defendants. The defendants' two motions to dismiss (Dkt. ## 22 and 24) are therefore GRANTED, pursuant to Local Rule CR 7(b)(2).. As these are the sole remaining defendants, the complaint and action are hereby DISMISSED. Plaintiffs' motion for voluntary dismissal without prejudice is DENIED.

Dated this 8th day of April, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 3